[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence September 12, 1997 Date of Application September 12, 1997 Date Application Filed September 23, 1997 Date of Decision November 24, 1998
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. 91-141055.
Karen Goodrow, Esq., Defense Counsel, for Petitioner CT Page 942
Anthony Troy Martin, Esq., Assistant State's Attorney, for the State.
Following a hearing the petitioner was found to be in violation of probation. The Court further determined that the rehabilative purposes of probation could no longer be served, vacated the sentence imposed and committed the petitioner for a period of 6 years, which was the full term of the previously imposed suspended sentence.
The petitioner was originally convicted in 1991, after pleading guilty, of robbery, 2nd degree (§ 53a-135a) and was sentenced to a term of 6 years, execution suspended, 3 years probation with special conditions as follows:
 "Within 30 days defendant must get full-time job, drug abuse evaluation and/or treatment as recommended, remain drug free, one positive urine is violation of probation, random urines, restitution of $250 within 90 days; also (defendant is indigent) restitution of $8000 from previous probation under CR 89-369793, attempted larceny 2nd, Adult Probation Department will set up schedule for restitution."
Then, on December 19, 1994, shortly before his probationary period would end, he was charged with Violation of Probation for failure to make any restitution and also for using cocaine — which he admitted.
On October 10, 1995, having been found to be in violation the court continued the 6 years suspended sentence and extended his probation for 2 years with the following special conditions:
 "(1) restitution to victim of $210 by 10/27/95 thru Adult Probation Department. (2) Restitution to AETNA at rate of $200 per month the first 6 months, $300 — 2d 6 months, $400 — 3rd 6 months, $435 — 4th 6 months and (3) random drug testing and treatment as needed any positive urine for CT Page 943 illegal (or legal drug use without prescription) is a violation."
The petitioner paid $105 toward the $210 order but made no payments on the $8000 order to AETNA.
On 7/13/96, he was arrested for Larceny 6 and Issuing a bad check. On 4/15/97 he plead guilty to the bad check charge and was sentenced to 3 months, execution suspended, 1 year additional probation with a special condition of restitution for the bad checks of $150.
On August 9, 1996, he was arrested and charged with sexual assault, 1st degree, reckless endangerment, 1st degree, unlawful restraint 1st degree and risk of injury (3 counts).
On 11/4/96 a warrant for violation of probation issued charging failure to make restitution as ordered, violation of Connecticut statutes for the arrests of 7/13/96 and 8/9/96 based on Payne v. Robinson.
At the hearing on the violation it was agreed that any violation would be based only on the failure to make restitution of the $105 and $8000 orders and, the sexual assault, reckless endangerment, unlawful restraining and risk of injury charges.
The Court found the petitioner willfully failed to comply with the orders of restitution and found that he did commit the crime of sexual assault 1st degree by inserting his finger into the victim's vagina without her consent. He was thereafter sentenced as stated.
Petitioner's counsel argues that when he was later tried for the sexual assault and the related offenses in a criminal trial he was acquitted, and also, with respect to the failure to make restitution, that he was not able to do so.
The authority of the Sentence Review Division is limited to a determination whether the sentence was inappropriate or disproportionate under the provisions of Practice Book §43-28. (It is not inconsistent for a person to be found in violation of probation using the civil standard of proof although the same evidence might not satisfy the criminal standard).
This petitioner's prior record includes two convictions for CT Page 944 assault 3rd, a threatening conviction, a failure to appear 1st and a breach of peace and robbery.
His record while on probation does not indicate much likelihood of rehabilitation. He continued the use of illegal drugs while on probation and was found to have committed new serious offenses as well.
The Court had ample reason to conclude that the salutary purposes of probation could not be served. The sentence imposed was neither disproportionate nor inappropriate when reviewed
Klaczak, J.
O'Keefe, J.
Iannotti, J.
Klaczak, O'Keefe and Ianotti, J.s, participated in this decision.